UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH SIMON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14-CV-1136 JAR |
| SELECT COMFORT RETAIL CORP., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Select Comfort Retail Corporation's Motion to Dismiss. (Doc. No. 6) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted in part and denied in part.

**Background**

This case concerns personal injuries that Plaintiff Ralph Simon ("Simon") allegedly sustained from exposure to mold in his Sleep Number® mattress, designed and manufactured by Defendant Select Comfort Retail Corporation ("Select Comfort"). Plaintiff asserts four causes of action: strict liability defective design (Count 1); strict liability failure to warn (Count 2); negligence (Count 3); and negligent failure to recall (Count 5).

Simon alleges that in "early 2009," he began experiencing a wide range of physical ailments, including severe skin irritations, hearing loss, eye infections and vision problems, sleep apnea and severe throat irritation. (Complaint ("Compl."), Doc. No. 4, at ¶¶ 2, 10-14) He sought treatment from numerous healthcare providers, but his health continued to deteriorate. (Id. at ¶¶ 3-4) Then, "[o]n or about March 1, 2013, [Simon] lifted up the foam pad of his bed and

discovered … mold." (Id. at ¶ 5) He immediately contacted Select Comfort's warranty department to report his discovery. (Id. at ¶ 6)

Simon further alleges that the Sleep Number® mattress was manufactured with a design defect that trapped heat and moisture, thereby creating "a perfect environment for mold and bacteria growth." (Id. at ¶¶ 7, 21) "The design, combined with consumers' foreseeable pattern of use … creates an ideal mechanism for drying, launching and distributing mold spores in the surrounding bedding and air." (Id. at ¶ 8) The mold that formed as a result of the mattress's defective design "directly and proximately caused [Simon's] … physical ailments. (Id. at ¶¶ 24, 31) Simon alleges Select Comfort was aware of the defective design of the bed in that "consumers, reporters, and investigators have litigated, described, blogged and debated the design defects and potential for mold growth in the Sleep Number® bed." (Id. at ¶ 43) Nevertheless, Select Comfort failed to provide warnings of the possibility of mold growth or instructions notifying users to inspect the mattress regularly (id. at ¶ 23) and failed to recall the Sleep Number® beds. (Id. at ¶¶ 44-45)

Select Comfort moves to dismiss Simon's complaint on three grounds: (1) he has not adequately pled causation; (2) his claims are time-barred; and (3) Select Comfort has no duty to recall.

**Legal standard**

In ruling on a motion dismiss under Rule 12(b)(6), the Court must view the allegations in the complaint in the light most favorable to Plaintiff. Foster v. Deutsche Bank Nat. Trust Co., 2012 WL 5285887, 2 (E.D.Mo. Oct. 25, 2012) (citing Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir.2008)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Id. (quoting Coons v.

Mineta, 410 F.3d 1036, 1039 (8th Cir.2005)). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Thus, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir.2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995).

**Discussion**

**Causation**

Select Comfort first argues that Simon has not adequately pled a causal connection between his health problems and a specific defect in his Sleep Number® bed. Specifically, Select Comfort argues that Simon's allegation that he "did not experience any of the symptoms described … until his initial and continuing exposure to the mold, including through direct contact with the bed and by breathing mold spores" lacks the requisite factual support to survive a motion to dismiss. (Doc. No. 7 at 8; Compl., at ¶ 16) Select Comfort further argues that Simon's failure to plead a diagnosis linking his symptoms to chronic exposure to mold indicates that the only causal connection is based on his own speculation. (Doc. No. 14 at 4) In addition, the lengthy time lapse between Simon's purchase of his Sleep Number® bed in 1999 and the

onset of his symptoms in 2009, even before the discovery of mold in 2013, further weakens his theory of causation. (Doc. No. 7 at 8-9)

When ruling on a motion to dismiss, the court looks to whether the plaintiffs' allegations suffice to show the required causal connection between the defendant's wrongful conduct and the plaintiff's loss. See Miller v. Redwood Toxicology Laboratory, Inc., 688 F.3d 928, 935 (8th Cir. 2012). The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. Rosenberg, 56 F.3d at 37.

Here, Simon alleges that he discovered mold inside his bed in March 2013, that he suffered severe physical ailments, and that he "did not experience any of the symptoms described … until his initial and continuing exposure to the mold, including through direct contact with the bed and by breathing mold spores." He further alleges that the "mold that formed as a result of the defective design directly and proximately caused [his] extensive and severe physical ailments." (Compl. at ¶¶ 16, 24) Accepting these allegations as true, at this stage of the litigation, a reasonable inference can be drawn that Simon's exposure to mold in his Sleep Number® bed caused his alleged injuries. See, Graveline v. Select Comfort Retail Corp., 871 F.Supp.2d 1033, 1037 (E.D. Cal. 2012) (consumer's allegations that mold was discovered in her mattress, that the house did not have mold problems other than in mattress, that consumer and husband also had rashes and skin disorders, that exposure to mold can cause skin disorders, and that consumer's health improved upon removal of the mattress were sufficient to plead causation, as required for her negligence and strict products liability claims against manufacturer of mattress); Anderson v. Select Comfort Retail Corp., 2010 WL 4809087 (E.D.Cal. Nov. 18, 2010) (consumer adequately pled causation by alleging that exposure to the mold caused her physical ailments, which began

only after exposure to the mold, including through direct contact with the bed and by breathing the mold spores).

**Statute of limitations**

Next, Select Comfort argues that Simon's claims are time-barred by Missouri's five-year limitations period for tort actions, Mo.Ann.St. 516.120(4). (Doc. No. 7 at 10-11) A cause of action begins to accrue once the injury is capable of ascertainment. Specialty Restaurants Corp. v. Bucher, 967 F.2d 1179, 1182 (8th Cir. 1992). "Damage is ascertainable when the fact of damage can be discovered or made known, not when the plaintiff actually discovers injury or wrongful conduct." Huffman v. Credit Union of Texas, 758 F.3d 963, 967 (8th Cir. 2014) (quoting Klemme v. Best, 941 S.W.2d 493, 497 (Mo.banc 1997)). Based on Simon's allegations that he began experiencing symptoms in "early 2009," Select Comfort argues that his cause of action accrued at that time. Because his complaint was not filed until March 14, 2014, his claims should be dismissed. (Doc. No. 7 at 11)

In response, Simon cites to Renfroe v. Eli Lilly & Co., 686 F.2d 647 (8th Cir. 1982), a case involving persons who were unaware of the cause of their slowly developing physical injuries at the time those injuries were sustained and capable of ascertainment. (Doc. No. 10 at 6) There the Eighth Circuit recognized the unfairness of concluding that "a plaintiff's claim accrued as soon as any physical injury manifested itself, because of the possibility that the plaintiff might not be able to know the likely cause of the injury at that time," and held that the Missouri statute of limitations did not begin to run at the time the injury was discovered if at that time the plaintiff could not know the likely cause of her injury. Id. at 647-48.

As in Renfroe, Simon argues he was incapable of ascertaining the nature of his condition and its cause until he actually discovered the mold in his mattress on March 1, 2013. See Elmore

v. Owens-Illinois, Inc., 673 S.W.2d 434, 436 (Mo.banc 1984). (Doc. No. 10 at 6-8) Up until that time, he had had no reason to disassemble and inspect the interior of the mattress because the bed had no warnings or instructions notifying users to inspect the mattress regularly. (Compl. at ¶¶ 23, 30)

Select Comfort replies that the Renfroe line of exposure cases applies only in "exceptional circumstances," where the chain of causation is so attenuated that it is impossible for the plaintiff to ascertain the likely cause of his injury. No such circumstances exist here because mold is a commonly occurring substance whose effects are well understood by the medical community. (Doc. No. 14 at 7)

"A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980). Looking solely to the allegations in the complaint, a reasonable inference can be made that Simon did not have reason to suspect that his condition was linked to chronic exposure to mold growth in his bed until he actually discovered the mold in March 2013. Simon filed this action on March 14, 2014. Thus, his suit would not be time-barred. See Graveline, 871 F.Supp.2d at 1038 (E.D. Cal. 2012) (holding that the statute of limitations did not begin accruing until after plaintiffs discovered the cause of their alleged injuries, not when they began experiencing symptoms associated with their injuries). At this stage of the litigation, Simon has alleged sufficient facts such that the Court is unable to determine that the claims are time-barred.

**Negligent Failure to Recall**

Finally, there is no common law duty to recall under federal or Missouri law absent a mandated recall by a governmental agency. See Horstmyer v. Black & Decker, (U.S.), Inc., 151

F.3d 765, 773-74 (8th Cir. 1998). See also Smith v. Firestone Tire & Rubber Co., 755 F.2d 129, 135 (8th Cir. 1985) (upholding district court's refusal to instruct jury on failure to recall "because no duty to recall the rims existed under state or federal law"); Efting v. Tokai Corp., 75 F. Supp.2d 1006, 1011 (W.D. Mo. 1999) ("Because there is no duty in Missouri to recall or retrofit the Aim N Flame, defendants' motion for summary judgment on the claim for failure to recall or retrofit will be granted."); Stanger v. Smith & Nephew, Inc., 401 F. Supp.2d 974, 982 (E.D. Mo. 2005) ("The Court agrees with defendants that under Missouri law, there is no cause of action for negligent recall."). Because Simon fails to address Select Comfort's arguments in its response, the Court finds Simon has abandoned this claim.[1] Even if Simon's claim was not abandoned, however, it would fail on the merits as discussed above. Select Comfort's motion to dismiss Simon's claim for negligent failure to recall will, therefore, be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Comfort Retail Corporation's Motion to Dismiss [6] is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** with respect to Count 5, negligent failure to recall, and **DENIED** with respect to Counts 1, 2 and 3.

Dated this 12th day of November, 2014.

                                                **JOHN A. ROSS**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] See Culkin v. Walgreen Co., 2006 WL 839195, at *1 (E.D.Mo. Mar. 27, 2006) (court assumed plaintiff abandoned claims not addressed in opposition to defendant's motion to dismiss); United States v. NHC Health Care Corp., 163 F.Supp.2d 1051, 1058-59 (W.D.Mo.2001) (court assumed plaintiff abandoned claims not addressed in opposition to defendant's motion for summary judgment). See also Semi-Materials Co., Ltd. v MEMC Electronic Materials, Inc., 2011 WL 134078, at *4 (E.D.Mo. Jan. 10, 2011) (court construed plaintiff's failure to respond to argument raised in motion to exclude as abandonment of intent to introduce opinion).