UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RALPH SIMON,  )
 )
    Plaintiff,  ) No. 4:14-CV-1136-JAR
 )
v.  )
 )
SELECT COMFORT RETAIL CORP., et al.,  )
 )
    Defendants.  )

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Modify the Amended Case Management Order. (Doc. No. 40) Defendants oppose the motion on the grounds that Plaintiff has failed to show exceptional circumstances or good cause to modify the CMO, and failed to demonstrate excusable neglect in bringing his motion. Further, Defendants contend that any modification of the CMO would be prejudicial. The motion is fully briefed and ready for disposition.[1]

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order may be modified "only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir.2006). See also Fed.R.Civ.P. 16 Advisory Committee's Note (1983) ("[T]he court may modify the schedule on a showing of good cause if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension."). The Court must also look to "[t]he existence or degree of prejudice to the party

---

[1] Defendants have requested oral argument on the motion. Finding that oral argument would not assist the Court, the request will be denied.

opposing the modification." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992)).

Here, the amended case management order, issued on March 9, 2015, establishes a May 22, 2015 deadline for completion of factual discovery and an August 21, 2015 deadline for completion of expert discovery. (Doc. No. 25) In his motion to amend, filed May 27, 2015, Plaintiff states Defendants have not produced any documents related to the design, construction and manufacture of the mattress at issue, or evidence of mold growth in its mattresses, in response to his requests for production. Without this information, he argues it will be difficult for him to prepare his case.

On April 28, 2015, Plaintiff served a notice of Rule 30(b)(6) deposition to Defendants. (Doc. No. 40-9) On May 6, 2015, Plaintiff served an Amended Notice of Deposition listing 24 document requests. (See Doc. No. 40-7) On May 8, 2015, Plaintiff served a Second Amended Notice of Deposition indicating his intention to videotape the deposition. (Doc. No. 40-8) Defendants objected to Plaintiff's Second Amended Notice on the grounds, inter alia, that the document request did not comply with Rule 34, which provides for 30 days to respond to requests for documents. (Doc. No. 40-10) By letter dated May 22, 2015, Defendants advised Plaintiff they would not produce the requested documents prior to or at the deposition because the responses were due after the discovery deadline of May 22, 2015 and thus untimely filed. (Doc. No. 40-12)[2]

Plaintiff seeks an extension of the fact discovery deadline "for the limited purpose of obtaining documents at a Rule 30(b)(6) deposition," as well as an extension of the expert

---

[2] At the time Plaintiff filed his motion, Defendants' Rule 30(b)(6) deposition was scheduled for May 28, 2015. According to Defendants, as of June 3, 2015, Plaintiff has taken all of the depositions he noticed in this case. (Affidavit of Heidi A.O. Fisher (Fisher Aff.), Doc. No. 45 at ¶ 17)

disclosure and deposition deadlines so that his experts can evaluate and use the information in their opinions. Defendants assert that extending discovery would be prejudicial and increase the costs of this action; however, Plaintiff would certainly be prejudiced by not having this discovery.

A district court is afforded wide discretion in its handling of discovery matters. See <u>Cook v. Kartridg Pak Co.</u>, 840 F.2d 602, 604 (8th Cir. 1988). In the exercise of that discretion, the Court will grant Plaintiff's motion in part. To the extent Plaintiff requested documents in his Rule 30(b)(6) notice of deposition prior to the May 22, 2015 discovery cut-off, the Court finds the request was timely and will amend the deadline for completion of factual discovery accordingly.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Modify the Amended Case Management Order [40] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Defendants are granted ten (10) days, up to and including **Thursday, July 2, 2015**, to produce the documents requested in Plaintiff's Rule 30(b)(6) notice of deposition or otherwise respond.

*[signature]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of June, 2015.